Plaintiff sued to recover pay lost following his discharge by a private corporation, which discharge was the result of the withdrawal of his security clearance by the Department of the Navy. In Greene v. McElroy, 360 U.S. 474, the United States Supreme Court had held that plaintiff’s security clearance revocation had not been validly authorized and on *599 remand the District Court had ordered that all rulings denying plaintiff security clearance be expunged from all records of the Government of the United States. Plaintiff next sought to secure from the Department of Defense the compensation he had lost, basing his claim on paragraph 26, Department of Defense Directive 5220.6, 20 Fed. Reg. 1553, dated February 2,1955, providing that where there had been a final determination favorable to a contractor employee in connection with a security clearance proceeding, the employee would be reimbursed by the Department in an equitable amount for any loss of earnings during the interim resulting directly from a suspension of his clearance. The Department refused his request for compensation but offered to consider his claim under a 1960 regulation issued after plaintiff’s claim had been asserted, and providing that as a condition to monetary restitution, an applicant must have an administrative determination that he would be currently entitled to a security clearance. Plaintiff then instituted suit in the Court of Claims to recover compensation under the 1955 regulation and the Fifth Amendment to the Constitution of the United States. Defendant moved to have proceedings suspended until plaintiff should proceed under the new 1960 regulation, and the court granted the motion suspending the proceedings. On writ of certiorari to review the action of the court in refusing to pass on the merits of the claim and suspending the proceedings, the United States Supreme Court reversed the action of the Court of Claims and held that plaintiff was entitled to recover (376 U.S. 149). On March 20, 1964, the Court of Claims issued an order pursuant to the opinion and remand of the Supreme Court, holding that plaintiff was entitled to recover and reserving the determination of the amount of recovery pending proceedings under Rule 47(c) (2). On June 18,1964, the commissioner of the court filed a memorandum report recommending that judgment be entered for plaintiff in the sum of $46,530.99 and on June 19,1964 the court ordered that judgment be entered for plaintiff in the sum of forty-six thousand five hundred thirty dollars and ninety-nine cents ($46,530.99).